T. W. HOPPER et al. *v.* NANCY HOPPER et al.

**Statutes — Construction of — Act of February 11, 1882.**

The Act of February 11th, 1882, Acts, p. 112, in regard to partition of exempt property is prospective in its operation, and does not affect rights which were fixed before its passage.[1]

Bill in chancery for partition of personal property by appellants against appellees. From a decree sustaining defendants' demurrer to the bill, complainants appeal.

The bill alleges that H. H. Hopper, the father of the complainants and two of the defendants and the husband of Nancy Hopper, died intestate on the 28th of September, 1881, and T. H. Hopper was appointed administrator of his estate, and that the debts had all been paid, and that some personal property, amount-

---

[1] It is an established rule for the construction of statutes, that a retroactive operation will not be given to a statute, unless it is the manifest intention of the Legislature that it should have that effect. Brown *v.* Wilcox, 14 S. & M., 127; Gayden *v.* Bates, Walk. 209; Easten *v.* Van Dorn, Walk. 14.

There must be a plain declaration in it to that effect. Hooker *v.* Hooker, 10 S. & M., 599; Stewart *v.* Davidson, 10 S. & M. 351.

Or its words must admit of no other meaning. Garrett *v.* Beaumont, 2 Cush. 377.

Courts will not give a statute a retroactive operation unless the intention of the Legislature to that effect be plain and clear. Such legislation is unjust, and condemned by the courts. But where that intent is plain, and it is liable to no other constitutional objection, it will be carried out. Carson *v.* Carson, 40 Miss. 349.

So much of the Limitation Act of 1844, as provides that no execution shall issue on any judgment, after the lapse of seven years from the issuance of the last preceding execution, as to cases where the last execution was issued prior to the passage of the act, will not be construed to make the statute commence to run from the date of such issuance, but only from the passage of the law. And, especially is this so, since the same act in another part, provides that the periods of limitation therein prescribed shall commence from the date of the passage of the act. Brown *v.* Wilcox, 14 S. & M. 127.

Code 1892, sec. 2461, requiring the transfer of a record debt to be entered on the record, does not apply to the transfer of a vendor's lien made before the Code became operative. Bramlett *v.* Wetlin, 71 Miss. 902; 15 So. 934.

ing to about $300 in value, which was exempt from execution, was still on hand and was owned by complainants and defendants as tenants in common. The prayer was for a sale of the property for partition of the proceeds.

APPEALED from Chancery Court, Tippah county, A. B. FLY, Chancellor.

Reversed and remanded, February 5, 1883.

*Attorney for appellant, Tho. Spight.*

*Attorneys for appellees, Falkner & Frederick.*

Brief of Tho. Spight:
The only point in this case is, "Did the act of the Legislature, approved February 11, 1882, affect the legal status of the parties to this suit?"

The intestate died in September, 1881, and the bill for parti- tion was filed while the Code of 1880 was still in force. Whatever rights complainants and respondents had in the exempt prop- erty of H. H. Hopper accrued and were vested by sections 1277 and 1278, Code of 1880, which declare that the exempt property, shall descend to the widow and children as tenants in common, and that no "action of the court shall be necessary to the title of the widow and children to the exempt property, which shall *vest* in them by operation of law, on the death of the husband or father."

In the plain, unmistakable language of the statute, when H. H. Hopper died, that very moment the title of his wife and chil- dren as tenants in common vested by operation of law, and no subsequent legisaltion can have the effect of destroying or impair- ing this vested right. In the case of Musgrove *v.* V. & N. R. R., this court, in discussing this question, say, on page 683, 50 Miss.: "Cognate to this, and equally beneficial in its consequences, if rights have accrued and become vested under a law, a subsequent repeal shall not operate to destroy or divest them."

Whether the property be real or personal, upon the happening of a certain event—to wit: the death of the husband and father—

the title to all the exempt property vests immediately in the widow and children as tenants in common, which carries with it the right to a proceeding for partition, and the act of the Legislature of 1882, no matter upon what principles of expediency or public policy it may rest, cannot "have the effect to destroy or divest their right."

It will not do to say that this repealing statute affects only the remedy and does not impair the right. It is infinitely more than that. In this case it almost necessarily destroys the right entirely. Personal property, most of which is consumed by use and age, would be given without limitation to the widow and minor children to the total exclusion of the older children, who, when their father died, the statute said, were closed with a perfect, indefeasible title to their distributive share in his estate. So that to give the Act of 1882 the construction placed upon it by counsel for appellees and by the court below would not only impair, but extinguish their right, which is prohibited by the Constitutions of the United States and of this State.

With the question as to whether the Code of 1880 on this subject was right or wrong this court has nothing to do, and it is not proper that we should now discuss it; but the only matter to be determined in this controversy is, "Did the Legislature of 1882 have the constitutional power to enact a law which had the effect to impair or destroy rights of these complainants already vested in them by the operation of the statute in force at the date of the death of their father and at the time of filing their bill?"

Every statute which takes away a vested right is void. Davis *v.* Minor, 1 How. 183.

While it is held that the Legislature may enact retroactive laws, provided they do not impair the obligations and contracts nor divest vested rights, yet such laws, even as these, are unjust and condemned by the courts. "The Legislature, under its power to modify the remedy, cannot take it away altogether or so change or obstruct it as to materially impair its value as it existed at the time the contract was made or the right accrued or became vested."

We think the law in force at the time of the death of the intestate in this case and at the date of the filing of the bill should govern.

Brief of Falkner & Frederick, for appellees, is not found in the record.

OPINION.—CAMPBELL, C. J.:

Pretermitting an opinion on the power of the Legislature to pass an act to divest the children of one who had died before the passage of the act of their right as co-owners of the exempt property to have a partition of it until the happening of a future contingency, we think it a sound rule to hold the Act of February 11, 1882, Acts, p. 112, to be prospective only in its operation, and as not affecting rights which were fixed before the passage of the act.

*Decree reversed and cause remanded.*